AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Pennsylvania

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | |
| GREGORY J. PODLUCKY | Case Number: 2:09-cr-00279-001 |
| | USM Number: 30494-068 |
| | Alexander Lindsay, Jr., Esquire |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)  24s

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§1341 and 2 | Mail fraud | 9-1-2006 | 24s |

The defendant is sentenced as provided in pages 2 through __13__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)  1-29, 1s-23s, and 25s-30s   ☐ is   X are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 20, 2011
Date of Imposition of Judgment

_(signature)_
Signature of Judge

Alan N. Bloch, United States District Judge
Name and Title of Judge

10/24/11
Date

AO 245B (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 13

DEFENDANT: GREGORY J. PODLUCKY
CASE NUMBER: 2:09-cr-00279-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

two hundred forty (240) months, to be served concurrently with the sentences imposed at 2:09-cr-00278-001 and 2:11-cr-00037-001.

X The court makes the following recommendations to the Bureau of Prisons:
that the defendant be incarcerated at FCI Lompoc, Lompoc, California

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: GREGORY J. PODLUCKY
CASE NUMBER: 2:09-cr-00279-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

five (5) years, to be served concurrently with the terms of supervised release imposed at 2:09-cr-00278-001 and 2:11-cr-00037-001.

X   Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

The defendant shall not commit another federal, state or local crime.

X   The defendant shall not possess a firearm or destructive device.  (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district in which the defendant is supervised without the permission of the court;

2) the defendant shall report to the probation officer in the manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and shall follow the instructions of the probation officer;

4) the defendant shall support his dependents and meet other family responsibilities;

5) the defendant shall notify the probation officer within seventy-two (72) hours of any change in residence or employment;

6) the defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

7) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9) the defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10) the defendant shall notify the probation officer within seventy-two (72) hours of being arrested;

11) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: GREGORY J. PODLUCKY
CASE NUMBER: 2:09-cr-00279-001

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

The Court finds that the defendant's criminal conduct is not drug related and that the defendant has no current or past history of substance abuse. Therefore, the periodic drug testing mandated by the Violent Crime Control and Law Enforcement Act is hereby suspended.

The defendant shall pay any restitution that is imposed by this judgment. The defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.

The defendant shall pay to the United States a special assessment of $100. The Court notes that the special assessment was paid in full on June 28, 2011.

Defendant shall pay restitution in the amount of $661,324,329.81.

The Court finds that the defendant does not have the ability to pay a fine. Fine in this case is waived.

Upon the imposition of sentence, the defendant was advised of his right of appeal and his right to counsel on appeal.

**These conditions are in addition to any other conditions imposed by this Judgment.**

Upon finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

All of the conditions listed in this order have been read to me. I fully understand the conditions and have been provided a copy of them.

_____   _____
Defendant's Signature          Date

_____   _____
U.S. Probation Officer's Signature   Date

DEFENDANT: GREGORY J. PODLUCKY
CASE NUMBER: 2:09-cr-00279-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 661,324,329.81 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| SEE PAGES 6 THROUGH 12 FOR PAYEE INFORMATION | | $661,324,329.81 | |
| **TOTALS** | $ 0 | $ 661324329.81 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X  the interest requirement is waived for the   ☐ fine   X restitution.

   ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GREGORY J. PODLUCKY
CASE NUMBER: 2:09-cr-00279-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Ameritech Credit Corporation<br>d/b/a SBC Capital Services<br>c/o O'Rourke Katten & Moody<br>Attn: Michael C. Moody<br>161 N. Clark Street, Suite 2230<br>Chicago, IL 60601 | | 1,661,292.60 | |
| CIT Communications Finance<br>d/b/a Avaya Financial Services<br>Attn: Bankruptcy Department<br>1 CIT Drive, Suite 4104A<br>Livingston, NJ 07039 | | 85,800.74 | |
| The CIT Group/Equipment Financing, Inc.<br>Attn: Brad Boyd<br>305 Fellowship Road, Suite 300<br>Mt. Laurel, NJ 08054 | | 112,000,000.00 | |
| Citicapital Commercial Leasing<br>c/o Thomas E. Reilly, P.C.<br>2025 Greentree Road<br>Pittsburgh, PA 15220 | | 1,800,000.00 | |
| Farm Credit Leasing Services Corporation<br>c/o Gislason & Hunter<br>Attn: Michael S. Dove<br>P.O. Box 458<br>New Ulm, MN 56073 | | 512,436.96 | |
| De Lage Landen Financial Services, Inc.<br>1111 Old Eagle School Road<br>Wayne, PA 19087 | | 153,613.17 | |
| Delaware Group Adviser Funds<br>o/b/o Delaware Diversified Income Fund<br>c/o Delaware Investments<br>Attn: Jerel Hopkins<br>2005 Market Street, 29th Floor<br>Philadelphia, PA 19103 | | 1,350,000.00 | |

CONTINUED ON NEXT PAGE

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **GREGORY J. PODLUCKY**
CASE NUMBER: 2:09-cr-00279-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Delaware Group Equity Funds I<br>o/b/o Delaware Balanced Fund<br>c/o Delaware Investments<br>Attn: Jerel Hopkins<br>2005 Market Street, 29th Floor<br>Philadelphia, PA 19103 | | 10,000.00 | |
| Delaware Group Income Funds<br>o/b/o various funds<br>c/o Delaware Investments<br>Attn: Jerel Hopkins<br>2005 Market Street, 29th Floor<br>Philadelphia, PA 19103 | | 1,735,000.00 | |
| Delaware Investment Dividend & Income Funds, Inc.<br>c/o Delaware Investments<br>Attn: Jerel Hopkins<br>2005 Market Street, 29th Floor<br>Philadelphia, PA 19103 | | 935,000.00 | |
| Delaware Investment Global Dividend & Income Funds, Inc.<br>c/o Delaware Investments<br>Attn: Jerel Hopkins<br>2005 Market Street, 29th Floor<br>Philadelphia, PA 19103 | | 65,000.00 | |
| Delaware Pooled Trust High Yield Bond Portfolio<br>c/o Delaware Investments<br>Attn: Jerel Hopkins<br>2005 Market Street, 29th Floor<br>Philadelphia, PA 19103 | | 30,000.00 | |
| Delaware VIP Trust<br>o/b/o various funds<br>c/o Delaware Investments<br>Attn: Jerel Hopkins<br>2005 Market Street, 29th Floor<br>Philadelphia, Pa 19103 | | 1,590,000.00 | |

CONTINUED ON NEXT PAGE

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GREGORY J. PODLUCKY
CASE NUMBER: 2:09-cr-00279-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| FirstMerit Bank, N.A.<br>c/o Babst, Calland, Clements & Zomir<br>Attn: Mark A. Lindsay<br>Two Gateway Center, 8th Floor<br>Pittsburgh, PA 15222 | | 1,750,000.00 | |
| General Electric Capital Corporation<br>c/o Thomas E. Reilly, P.C.<br>2025 Greentree Road<br>Pittsburgh, PA 15220 | | 166,405.47 | |
| George K. Baum Capital Partners, L.P.<br>Attn: William D. Thomas<br>4801 Main Street, Suite 540<br>Kansas City, MO 64112 | | 12,403,669.72 | |
| George K. Baum Employee Equity Fund, L.P.<br>Attn: William D. Thomas<br>4801 Main Street, Suite 540<br>Kansas City, MO 64112 | | 596,330.29 | |
| Hewlett-Packard Financial Services<br>Attn: Steve Kopitskie<br>420 Mountain Avenue<br>Murray Hill, NJ 07974-0006 | | 17,353,994.77 | |
| ICX Corporation<br>d/b/a RBS Asset Finance<br>c/o Buchanan Ingersoll & Rooney<br>Attn: Christopher Schueller<br>301 Grant Street, 20th Floor<br>Pittsburgh, PA 15219 | | 1,900,000.00 | |
| IKON Financial Services<br>Attn: Bankruptcy Administration<br>P.O. Box 13708<br>Macon, GA 31208-3708 | | 45,000.00 | |

CONTINUED ON NEXT PAGE

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **GREGORY J. PODLUCKY**
CASE NUMBER: 2:09-cr-00279-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| M&I Marshall & Ilsley Bank<br>c/o Owen Katz<br>P.O. Box 7826<br>Pittsburgh, PA 15215 | | 337,885.98 | |
| Mainsail Funding LLC<br>c/o Pietragallo, Bosick & Gordon<br>Attn: Robert J. Monahan<br>301 Grant Street, 38th Floor<br>Pittsburgh, PA 15219 | | 194,661.19 | |
| Manufacturers & Traders Trust Company, as Indenture Trustee<br>c/o Hodgson Russ LLP<br>Attn: Gary Graber and Julia Kreher<br>One M&T Plaza, Suite 2000<br>Buffalo, NY 14203 | | 155,666,666.67 | |
| Mercedes-Benz Credit<br>c/o Shermata, Adams & Von Allmen<br>Attn: Deborah Banfill<br>P.O. Box 80908<br>Rochester, MI 48308 | | 58,995.04 | |
| Merrill Lynch Capital<br>c/o Latham & Watkins<br>Attn: David Heller<br>223 South Wacker Drive<br>Chicago, IL 60606 | | 17,112,735.00 | |
| National City Commercial Capital Company, LLC<br>c/o Lamm Rubenstone Lesavoy Butz & David<br>Attn: Sherry D. Lowe<br>3600 Horizon Blvd., Suite 200<br>Trevose, PA 19053 | | 1,858,163.92 | |
| ORIX Financial Services<br>c/o Burr & Forman<br>Attn: David Houston, IV<br>3102 West End Avenue, Suite 700<br>Nashville, TN 37203 | | 13,641,478.01 | |

CONTINUED ON NEXT PAGE

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GREGORY J. PODLUCKY
CASE NUMBER: 2:09-cr-00279-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Sentry Financial Corporation<br>Attn: Scott F. Young<br>201 South Main Street, Suite 1400<br>Salt Lake City, UT 84111-2215 | | 800,000.00 | |
| SunTrust Leasing Corp./EntreCap Financial LLC<br>c/o Vedder, Price, Kaufman & Kammholtz, P.C.<br>Attn: Douglas Lipke<br>222 North LaSalle Street, Suite 2600<br>Chicago, IL 60601 | | 10,582,671.00 | |
| SW Pelham Fund, L.P.<br>c/o Smith Whiley & Co.<br>Attn: Venita E. Fields<br>1007 Church Street, Suite 400<br>Evanston, IL 60201 | | 15,000,091.86 | |
| TCF Leasing, Inc.<br>c/o Paul R. Rennie<br>125 First Avenue<br>Pittsburgh, PA 15222 | | 21,885.53 | |
| Technology Investment Partners, L.L.C.<br>Attn: Stacey L. Farmer<br>40950 Woodward Avenue, Suite 201<br>Bloomfield Hills, MI 48304 | | 274,910.38 | |
| Wachovia Bank, N.A., as Administrative Agent<br>Attn: Katherine Harkness<br>301 South College Street, NC 0537<br>Charlotte, NC 28288 | | 235,637,115.19 | |
| Wells Fargo Bank Northwest, N.A.<br>c/o AIG Commercial Equipment Finance, Inc.<br>Attn: Dan Rouse<br>5700 Granite Parkway, Suite 850<br>Plano, TX 75024 | | 16,500,000.00 | |

CONTINUED ON NEXT PAGE

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GREGORY J. PODLUCKY
CASE NUMBER: 2:09-cr-00279-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Wells Fargo Equipment Finance, Inc.<br>c/o Riemer & Braunstein<br>Attn: Guy Moss and Mark Scott<br>Three Center Plaza<br>Boston, MA 02108 | | 478,268.34 | |
| Wells Fargo Equipment Finance, Inc.<br>c/o Riemer & Braunstein<br>Attn: Guy Moss and Mark Scott<br>Three Center Plaza<br>Boston, MA 02108 | | 1,297,822.01 | |
| Young Electric Sign Company<br>6725 W. Chicago Street<br>Chandler, AZ 85226 | | 909,068.94 | |
| USA 615 North 48th St. Management LLC<br>c/o Buchanan Ingersoll & Rooney<br>Attn: James Newell<br>One Oxford Centre, 20th Floor<br>Pittsburgh, PA 15219 | | 20,000,000.00 | |
| Huntington National Bank<br>c/o Weltman Weinberg & Reis<br>Attn: James Valecko<br>436 Seventh Avenue<br>Pittsburgh, PA 15219 | | 26,161.09 | |
| Lasalle National Leasing Corporation<br>c/o Ober Kaler Grimes & Shriver<br>Attn: Randall L. Hagan<br>120 E. Baltimore Street<br>Baltimore, MD 21202 | | 703,600.94 | |
| People's Capital and Leasing Corporation<br>c/o Lamm Rubenstone Lesavoy Butz & David<br>Attn: Sherry D. Lowe<br>3600 Horizon Boulevard, Suite 200<br>Teevose, PA 19053 | | 450,605.00 | |

CONTINUED ON NEXT PAGE

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GREGORY J. PODLUCKY
CASE NUMBER: 2:09-cr-00279-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Phoenix Plant Individual Investors (TIC and Unit) (Individual names, addresses and the amount of restitution owed to each individual shall be provided to the Clerk of Courts by the United States Probation Office) | | 13,628,000.00 | |

- - - - - - - END - - - - - - -

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GREGORY J. PODLUCKY
CASE NUMBER: 2:09-cr-00279-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $ __100.00__ special assessment was paid in full on June 28, 2011.

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

As to restitution in the amount of $661,324,329.81, all restitution payments are to be made to the Clerk for the United States District Court for the Western District of Pennsylvania to be divided and forwarded to the victims in an amount proportional to each victim's share of the total loss. To the extent that all victims have been paid in full for their unreimbursed losses, restitution shall then be paid to any third party that has provided compensation to any victim for the victim's loss. The defendant shall, while incarcerated, participate in the Bureau of Prisons' Inmate Financial Responsibility Program. The Court further orders that 50 percent of all funds obtained by the defendant while incarcerated shall be applied toward restitution. The defendant shall pay any restitution balance upon his release in monthly installments of not less than 20 percent of his gross monthly income, with the first payment due 30 days after his release from the Bureau of Prisons.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Defendant Gregory J. Podlucky (2:09-cr-00279-001) shall be jointly and severally liable for restitution in the total amount of $661,324,329.81, along with any other persons or entities found to be responsible for the victims' losses, including, but not limited to, co-defendants Andrew J. Murin, Jr. (2:09-cr-00279-002); Robert B. Lynn (2:09-cr-00279-003); Jonathan E. Podlucky (2:09-cr-00279-004); and Donald K. Pollinger (2:09-cr-00279-005); and defendant Tammy Andreycak (2:08-cr-00153-001).

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.